# PROVIDENCE COUNTY.

SAMUEL G. CURRY *vs.* C. H. SWETT.

When the Court of Common Pleas has jurisdiction concurrent with this court of petitions for new trials, the decision of either court upon such a petition presented to it is conclusive, and another petition upon the same grounds will not be entertained by the other court.

PLAINTIFF's petition for a new trial.

*December* 10, 1881. PER CURIAM. This is a petition for the new trial of an action in the Court of Common Pleas. The peti-

tioner was plaintiff in the action, and, not being in court when it came on for trial, was called and nonsuited. Afterwards, on the last day of the term, he presented a petition for a new trial to said court, under Gen. Stat. R. I. cap. 210, § 9, alleging that his not appearing to prosecute resulted from accident or mistake. At a subsequent term the petition was heard on its merits and dismissed, and judgment entered for the defendant for costs. The respondent contends that the petitioner is concluded by this decision, the same causes for new trial being assigned in both petitions. We think the respondent is right. Under cap. 210, § 9, the Court of Common Pleas has jurisdiction concurrently with this court over petitions for new trial of the kind there designated, and, therefore, after a new trial has been refused by that court, we have no more right to grant it, unless new grounds are alleged, than that court would have after it had been refused by this court. A decision by either court is conclusive. *Nemo debet bis vexari pro unâ et eadem causâ.* A new trial is therefore denied, and the petition dismissed with costs. *Petition dismissed.*

*A. D. Bean,* for plaintiff.

*Dexter B. Potter,* for defendant.